417 A.2d 714

**COMMONWEALTH of Pennsylvania**

v.

**Leroy SAXTON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Jan. 4, 1980.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his failure to file post-verdict motions was not voluntary, knowing and intelligent, and seeks review of five assignments of error. We disagree and, accordingly, affirm judgment of sentence.

Appellant was charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act.* Following a suppression hearing, appellant discharged the public defender appointed to represent him and conducted his defense without assistance of counsel. The trial court directed the public defender to remain at trial to answer any questions appellant might have. On November 20, 1978, a jury convicted appellant of the charges against him. The court then instructed appellant that he had 10 days in which to file post-verdict motions, failure to file motions would deprive him of an appeal and court-appointed counsel was available to file the motions and represent him on appeal. Appellant indicated that he understood his appellate rights. Appellant failed to file any post-verdict motions and, at the sentencing hearing, stated that he had no motions that he wished to file. The court sentenced appellant to a term of imprisonment of 6 to 12 months. Over appellant's objection, the court appointed the public defender to file this appeal.

■ Counsel's only argument is that, without assistance of counsel, appellant could not voluntarily, knowingly and intelligently have waived his right to file post-verdict motions. An accused may, of course, waive constitutional rights when unassisted by counsel. *See, e. g., Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)

* Act of April 14, 1972, P.L. 233, 35 P.S. § 780–101 et seq. (1977).

(defendant may waive right to counsel at trial); *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978) (uncounselled defendant may waive *Miranda* rights). Thus, appellant, although acting *pro se*, could have made a valid waiver of his appellate rights. The question is whether he knew of his rights, their importance and how to exercise them. *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978).

Appellant does not contend that the trial court failed to inform him of these facts. Indeed, consistent with Pa.R. Crim.P. 1123(c), the trial court informed him of his appellate rights, the need to file post-verdict motions to preserve an appeal and the time in which to file. Neither at that time nor at sentencing did appellant indicate that he did not understand his rights. Further, at sentencing, appellant stated that he did not wish to file any motions. Consequently, appellant's waiver of his appellate rights was knowing, voluntary and intelligent, and the issues court-appointed counsel has raised in this appeal are not preserved for review. *See Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Mack*, 451 Pa. 319, 304 A.2d 93 (1973); *Commonwealth ex rel. Newsome v. Myers*, 428 Pa. 141, 236 A.2d 763 (1968).

Judgment of sentence affirmed.

CERCONE, President Judge, concurs in the result.