466 A.2d 636

**COMMONWEALTH of Pennsylvania**

v.

**Joel C. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1981.

Filed Sept. 23, 1983.

464

Stuart F. Conston, Philadelphia, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Joel C. Johnson, takes this appeal from his conviction on numerous traffic violations. Appellant's principal argument is that these convictions violate the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. We find appellant's position to have merit, and we reverse those convictions set forth more specifically below which were entered contra to this constitutional provision. However, regarding the remainder of appellant's convictions, we must remand for further hearings because the record does not contain all the relevant facts necessary for the disposition of those said convictions.

On September 26, 1979, appellant was charged with ten violations of the Vehicle Code [1] arising from his operation of a motor vehicle on that date. All of the offenses were said to have taken place during one uninterrupted episode lasting three minutes, from 12:39 a.m. to 12:42 a.m., on Route 100, between Colebrookdale, Berks County, passing through Douglasville Township, Montgomery County, and ending in Upper Pottsgrove, Montgomery County. Charges were filed against appellant in each municipality through which he passed. On October 2, 1979, appellant appeared at hearings before magistrates in two of the townships mentioned—one in Montgomery County and one in Berks County—and pleaded guilty. The record, unfortunately, does not, specify which of these two hearings was first in time, a relevant consideration for the double jeopardy question. In any event, on November 15, 1979, appellant appeared again without counsel before a third magistrate—this one also being in Montgomery County—and pleaded guilty to all charges then presented. In all, appellant was three times

1. The violations were under these sections of the Vehicle Code: 75 Pa.C.S. §§ 3311, 3362, 3525, 3733, 3734 (1977).

convicted of failing to wear protective headgear (75 Pa.C.S. § 3525); twice with speeding (75 Pa.C.S. § 3362); twice for refusing to stop (75 Pa.C.S. § 3733); twice for driving without lights (75 Pa.C.S. § 3734); and once for driving on the medial strip (75 Pa.C.S. § 3311). Appellant took no immediate appeal from these convictions.

Thereafter, on May 22, 1980, upon being notified of appellant's repeated convictions under sections 3733 and 3734 of the Vehicle Code, the Department of Transportation suspended appellant's operating privileges for five years. Appellant then retained counsel, who filed a petition with the Court of Common Pleas of Montgomery County for leave to withdraw his guilty pleas nunc pro tunc, arguing, *inter alia*, that appellant's double jeopardy rights were violated. The court denied this petition and appellant now appeals.[2]

### I.

Appellant first argues that his rights under 18 Pa.C.S. § 110 (1973) were violated. In relevant part, section 110 provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prose-

---

**2.** Appellant separately appealed from the order of the Court of Common Pleas of Montgomery County which affirmed the order of the Department of Transportation, Bureau of Traffic Safety, revoking appellant's driving privileges for five years. Because it appeared that the issues were related, we transferred the herewithin case to the Commonwealth Court on June 6, 1982. The Commonwealth Court affirmed appellant's suspension, noting that the only appropriate inquiry in such an appeal is whether the operator *was* convicted and not whether he *should have been* convicted. *Johnson v. Commonwealth,* 68 Pa.Cmwlth. 384, 449 A.2d 121 (1982). Commonwealth Court, however, declined to decide the herewithin appeal by appellant, holding it had no jurisdiction, and on December 29, 1982, the Court transferred the case *sub judice* back to our Court.

cution for same offense) and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

. . .

■ Appellant's issue under section 110 must be dismissed, for this Court recently ruled against this argument in *Commonwealth v. Quackenbush*, 314 Pa.Super. 324, 460 A.2d 1162 (1983). There we held that an accused who is aware of all charges filed against him in separate townships but based on the same criminal episode, and who fails to move for the consolidation of these charges, waives his section 110 statutory right to have all of these charges brought in a single prosecution.[3] *Quackenbush* governs the disposition of appellant's section 110 issue.

■ But the disposition of the section 110 issue does not automatically determine appellant's double jeopardy question. While in many respects section 110 and the double jeopardy clause serve the same ends, nevertheless, the two provisions are not one and the same. In the first instance, the double jeopardy clause is, of course, a constitutional right; by contrast, section 110 is merely statutory. This distinction is crucial when the question of waiver is an issue. A constitutional right will only be deemed waived where the decision to waive that right is both knowing and intelligent. See cases cited in text, *infra*, at 472. With regard to statutory provisions, the waiver need only be

3. The *Quackenbush* Court relied on the Supreme Court's opinion in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983), in which the Court held that neither section 110 nor the compulsory joinder rule barred the accused's trial in common pleas court for aggravated assault although appellant had previously been convicted for summary traffic offense arising from the same criminal episode.

voluntary. *Commonwealth v. Mallon,* 279 Pa.Super. 350, 421 A.2d 234 (1980).

■ Secondly, while the double jeopardy clause and section 110 at times may, as in the instant matter, overlap in their application, this is not true in all situations. The double jeopardy clause prevents subsequent trials by the same sovereign for the *same act* whether the initial trial resulted in an acquittal or a conviction. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1975). Section 110, on the other hand, requires that, when certain other requirements are met, all of the charged offenses "based on the same conduct or arising from the same criminal episode" be tried at the same time or be barred. Section 110, unlike the double jeopardy clause, is not limited to prosecutions for the same act. Indeed, as far as Pennsylvania statutory law is concerned, section 109 of Title 18 more properly governs prosecutions for the same act. In sum, appellant's double jeopardy issue must still be decided.

## II.

### A.

■ The next matter which must be addressed is whether the double jeopardy clause applies to summary traffic offenses. We conclude that it does. In *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981), the defendant was convicted in a summary proceeding for violation of a local ordinance. In the trial de novo before the Common Pleas Court appellant was adjudged not guilty of the charges, and the Commonwealth appealed. The Commonwealth Court reversed and reinstated the verdict of guilty. Appellant appealed to the Supreme Court, arguing that his double jeopardy rights were violated by the reinstatement of his conviction. The Supreme Court agreed, and ruled thusly on appellant's double jeopardy argument:

Appellant argues that the order of the Commonwealth Court impermissibly subjects him to double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and of Article I, § 10 of the Pennsylvania Constitution. We agree.

Essentially, appellant's double jeopardy argument is that the summary proceedings in this case are criminal in nature and that, therefore, the "not guilty" verdict entered by the trial court bars further proceedings. The Borough disputes both facets of this syllogism, maintaining that the lower court procedings were civil, and that the "not guilty" verdict was not truly a judgment of acquittal on the merits but was, rather, a ruling tantamount to an appealable "dismissal of the Complaint on technical, legal grounds." The Borough is wrong on both counts.

The Pennsylvania Rules of Criminal Procedure define "criminal proceedings" as including "all actions for the enforcement of the Penal Laws." Pa.R.Crim.Pro. 3(g). The penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa.R.Crim.Pro. 3(1). An ordinance is a "legislative enactment of a political subdivision." Pa.R.Crim.Pro. 3(k). These definitions (where were in effect in 1976) remove any doubt as to the nature of the instant proceedings—they are criminal proceedings.

*Id.*, 493 Pa. at 390–391, 426 A.2d at 604–605. (Footnotes omitted).

While in appellant's case we are not concerned with a local ordinance but with violations of the statutory laws contained in the Vehicle Code, the result under the double jeopardy clause is the same. The term "penal laws", as defined in Pa.R.Crim.Pro. 3(*l*), includes, of course, not only ordinances but also "all statutes and embodiments of the common law which establish, create or define crimes or offenses...." Furthermore, although the prescribed penal-

ty for violation of the provisions of the Vehicle Code is typically payment of a fine, a person may be sent to prison under the Vehicle Code for failure to pay a fine. 75 Pa.C.S. § 6504 (Supp.1982). Therefore, we conclude that the double jeopardy clause does apply to motor vehicle citations.

### B.

However, even rights of constitutional dimensions can be waived, *Commonwealth v. Romberger,* 474 Pa. 190, 378 A.2d 283 (1977), and an accused who does not act in a timely manner may waive a double jeopardy issue. *Commonwealth v. Rabik,* 259 Pa.Super. 456, 393 A.2d 916 (1978). Usually, the issue of double jeopardy should be raised in pretrial motions. *Commonwealth v. Rabik, supra; Commonwealth v. Davis,* 247 Pa.Super. 450, 372 A.2d 912 (1977); *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384 (1976); Pa.R.Crim.P. 306 (1982). However, the waiver of a constitutional right must be made knowingly and intelligently; to be a knowing and intelligent waiver, the defendant must have been aware of both the right and the risks of forfeiting the same. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971), *Commonwealth v. Mallon,* 279 Pa.Super. 350, 421 A.2d 234 (1980). Waiver of a constitutional right cannot be presumed from a silent record, and the presumption must always be against waiver of a constitutional right. *Commonwealth v. Norman,* 447 Pa. 217, 285 A.2d 523 (1971), *appeal after remand* 456 Pa. 252, 318 A.2d 351 (1974). In the instant case, appellant entered his plea without advice of counsel. In view of this fact and because the record fails to show that appellant was otherwise advised of his double jeopardy right, we decline in the instant matter to find that appellant has waived this constitutional right by not raising it prior to trial.[4]

4. This Court recognizes that appellant was not, under these facts, entitled to a court appointed attorney, since counsel will only be appointed where there is a likelihood that imprisonment will be imposed. *Argensinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32

## C.

██ Similarly, we decline to find that appellant waived his right to file a petition to withdraw his guilty plea owing to his failure to comply with the time limitations for filing such a petition, as set forth in Pa.R.Crim.Pro. 321.[5] There is no showing on the record that appellant was informed by the court of the requirements of Rule 321 or of any of his appellate rights. Pa.R.Crim.P. 63(f).[6] *See Commonwealth v. Heeman,* 495 Pa. 277, 433 A.2d 477 (1981); *Cf. Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) (In de novo trial before common pleas court on a summary offense, accused must be advised of appeal rights, per Pa.R.Crim.P. 1123).[7] Absent such evidence, and because

L.Ed.2d 530 (1972); *Groff v. Township of Elizabeth,* 54 Pa.Cmwlth.Ct. 192, 420 A.2d 791 (1980); Pa.R.Crim.P., Rules 65(a), 316(a).

Nevertheless, this does not change the fact that an accused, even in a summary case, has the protection of the double jeopardy clause. *Borough of West Chester v. Lal, supra.* Neither does it void the rule that all waivers of constitutional right must be knowing and intelligent. *Johnson v. Zerbst, supra.* The only issue which this right-to-counsel rule determines is whether indigents are entitled to court appointed attorneys in cases where imprisonment is not likely.

5. Pa.R.Crim.P. 321(a) provides:

A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

6. Pa.R.Crim.P. 63(f) states:

At the time of sentencing, the issuing authority shall advise the defendant of his right to appeal and trial *de novo,* and the time within which he must exercise that right.

7. In relevant part, Rule 1123 reads:

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment.

. . . . .

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

appellant acted without advice of counsel, we will not find appellant's petition to withdraw his guilty plea to be untimely. *See Commonwealth v. Heeman, supra; Commonwealth v. McCusker*, 485 Pa. 313, 402 A.2d 500 (1977); *Commonwealth v. Vigue*, 279 Pa.Super. 46, 420 A.2d 736 (1980). *Cf. Commonwealth v. Saxton*, 273 Pa.Super. 410, 417 A.2d 714 (1980) (Accused, who discharged the public defender appointed to represent him, can, if advised of his appeal rights, validly waive said rights).

### III.

The next matter which must be addressed is whether appellant presented sufficient reasons to justify granting his request for permission to withdraw his guilty plea. It is the general rule that where withdrawal of a guilty plea is sought after sentence has been imposed, a showing of prejudice amounting to manifest injustice is required before withdrawal is properly justified. *Commonwealth v. May*, 485 Pa. 371, 402 A.2d 1008 (1979). A plea of guilty usually constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea. *Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982). Accordingly, in the case of *Commonwealth v. Mitchell*, 497 Pa. 14, 438 A.2d 596 (1981), the Supreme Court allowed an accused to withdraw his guilty plea where that plea was entered to charges on which he had already been adjudged not guilty. Citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the *Mitchell* Court ruled this to be a violation of both the federal and Pennsylvania Constitutions' prohibitions against double jeopardy.

Following the rationale of *Mitchell,* we conclude that appellant has presented sufficient reasons to justify granting his request for permission to withdraw his guilty plea. It is undisputed that the charges arose from one uninter-

(3) that only the grounds contained in such motions may be raised on appeal.

rupted episode. Many of the charges were duplicative, as this chart makes clear.

| 10/2/80<br>Berks County | 10/2/80<br>Montgomery County | 11/15/80<br>Montgomery County |
|---|---|---|
| § 3525<br>§ 3733 | § 3525<br>§ 3733<br>§ 3734 | § 3525<br><br>§ 3734 |
| § 3362 | | § 3362<br>§ 3311 |

Nevertheless, a complete adjudication on the merits of appellant's claim is not possible at this time because an important fact is missing from the record—that is, which hearing was first in time. It is necessary to know this since none of the guilty pleas entered at the first hearing would violate double jeopardy, simply by virtue of being the first trial on the charges. It is only at the second and third hearing where double jeopardy comes into play.

A further complication is the fact that although appellant filed a petition with the Montgomery County Court of Common Pleas to withdraw his guilty pleas, he neglected to do the same in Berks County. Thus, the three guilty pleas which appellant entered in Berks County are not now properly before this Court. This would be of no moment to the instant appeal if it was certain the Berks County hearing was chronologically first in time. If that were indeed the case, then two of the three convictions, (for §§ 3525 and 3733) entered later that day at the Montgomery County hearing could be reversed on double jeopardy grounds.

However, as we indicated, the sequence of the hearings on October 2, 1980 is not clear. Assuming *arguendo* that it was the Montgomery County hearing which occurred first, then, perforce, double jeopardy would not be an issue vis-a-vis those convictions. Then, although two of the three guilty pleas (for §§ 3525 and 3733), later entered at the hearing in Berks County would appear to violate double jeopardy principles, we could not reverse those latter convictions because they are not properly before this Court. In sum, if the Berks County hearing was first, then one

conviction under section 3525 and one under 3733 entered on October 2, 1980 in Montgomery County can be reversed. If, however, the Montgomery County hearing was first, then no convictions from the October hearings can be reversed. For this reason, we must remand for an evidentiary hearing to determine the sequence of the above two hearings. Once the court has cleared up this factual matter, it can rule accordingly on the legal issues.

The facts surrounding the hearing on November 15, 1980 are fortunately more clear. That hearing was held in Montgomery County, and so those convictions are properly before this Court by virtue of appellant's appeal from the denial of his petition by Montgomery County Court of Common Pleas. Additionally, we can ascertain from the record that three of the four guilty pleas entered at that hearing were in violation of the double jeopardy clause. Specifically, we are talking about the convictions under sections 3525, 3734 and 3362 of the Vehicle Code. A conviction under each of these sections had already been entered at one or the other of the two hearings on October 2, 1980. Therefore, we find that the trial court erred when it refused to allow appellant to withdraw his guilty pleas to these charges.

Accordingly, we hereby vacate the order of the trial court denying appellant permission to withdraw his guilty pleas, which were entered on November 15, 1980, to charges under sections 3525, 3734, and 3362 of the Vehicle Code and we reverse those convictions. As regarding the guilty pleas entered on October 2, 1980, we hereby remand this case for an evidentiary hearing to determine which of the two hearings held on that date was first in time and which was second, and, based upon those factual findings to rule accordingly on appellant's double jeopardy issue. This Court does not retain jurisdiction.

McEWEN, J. concurs in the result.