LUDGATE, J.,
A preliminary hearing was held before District Justice John F. Dougherty on August 30, 1990. Defendant was bound over for court on the charges of driving under the influence of alcohol or controlled substance, 75 Pa.C.S. §§3731(a)(l) and 3731(a)(4). Defendant was also bound over for court on the summary charges of reckless driving, 75 Pa.C.S. §3714, and violation of 75 Pa.C.S. §3301(a), driving on right side of roadway.
This matter is before the court on defendant’s omnibus pretrial motion for relief, wherein defendant requests a dismissal on double jeopardy grounds and requests the suppression of evidence, that being the result of a blood alcohol test on defendant’s blood. This matter was previously before the court on defendant’s motion to dismiss the complaint for improper venue and double jeopardy filed June 14, 1990, to Miscellaneous Docket no. 190/90. This court denied defendant’s motion to dismiss by opinion and accompanying order dated August 6, 1990. The preliminary hearing was held on August 30, 1990, after this court denied defendant’s motion to dismiss on double jeopardy grounds. That order was based upon stipulated facts. Defendant argues that this court misinterpreted the stipulated facts and that a re-evaluation of these facts would lead to result in defendant’s favor.
*404 FINDINGS OF FACT*
(1) On April 13, 1990, at approximately 6:07 p.m., defendant was involved in an accident in the 1200 block of Penn Avenue, in the Borough of Wyomiss-ing, near Atonement Lutheran Church.
(2) On April 13, 1990, Officer Dennis Reigel of the Spring Township Police Department was dispatched to the scene of an automobile accident at approximately 6:14 p.m. in Spring Township, Berks County, Pennsylvania. The accident occurred in the 1300 block of West Wyomissing Boulevard, approximately three miles from the scene of the earlier accident.
(3) Officer Grant Goeltz of the Wyomissing Police Department filed citations against defendant before District Justice John F. Dougherty, charging defendant with accidents involving damage to attended vehicles and entering roadway without yielding to traffic already on roadway, violations of the Vehicle Code.
(4) A summary trial was held before District Justice Dougherty on June 13, 1990, which time defendant entered a plea of guilty to one of the summary offenses with which he had been charged by Officer Goeltz. Defendant was sentenced on that offense on June 13, 1990.
(5) Officer Reigel, upon approaching defendant’s vehicle, observed that the defendant was trapped behind the wheel of his vehicle which was laying on its side.
*405 (6) Officer Reigel, upon speaking with the defendant, noted an odor of an alcoholic beverage emitting from defendant’s vehicle, specifically from defendant’s mouth.
(7) Defendant was taken to Reading Hospital for his injuries.
(8) Officer Reigel informed defendant of the Implied Consent Law regarding a chemical test of defendant’s blood for alcohol content.
(9) Defendant consented to the blood test and signed the appropriate consent form in the officer’s presence.
(10) Officer Reigel testified at the omnibus pretrial hearing held on November 20, 1990 before this court, that the weather conditions surrounding the accident were good and that the accident occurred on a sunny day in daylight conditions and that the road was dry.
(11) Officer Dennis Reigel appeared before District Justice James M. Korch and charged defendant with driving under the influence of alcohol, reckless driving and driving on the right side of the roadway, based on the Spring Township accident which occurred on April 13, 1990, at approximately 6:14 p.m.
(12) On June 6, 1990, a preliminary hearing was held before District Justice Korch on the charges arising from the Spring Township accident. After the hearing, the charges were dismissed by District Justice Korch.
(13)On June 13, 1990, Officer Dennis Reigel refiled the previously dismissed charges before a different district justice, namely District Justice Dougherty. Defendant was preliminarily arraigned on the driving under the influence charges following the summary trial on the charges which arose from the Wyomissing accident.
*406 (14) Officer Reigel testified at the omnibus pretrial hearing on November 20, 1990, that the result of the blood alcohol test from Reading Hospital was 0.29 percent.
CONCLUSIONS OF LAW
(1) Defendant’s prosecution is not barred by the double jeopardy clause.
(2) Defendant was arrested based upon sufficient probable cause.
(3) The blood test in question was administered with defendant’s consent, at the request of a police officer, having reasonable grounds to believe that defendant had been driving while under the influence of alcohol.
(4) The arrest does not have to precede a request for a blood sample. Commonwealth v. Quarles, 229 Pa. Super. 363, 324 A.2d 452 (1974).
DISCUSSION

Double Jeopardy

This court previously found that the defendant was arrested and charged with accidents involving damage to attended vehicles and entering roadway without yielding to traffic already on the roadway by Officer Grant Goeltz of the Wyomissing Police Department. However, defendant was not, in fact, stopped by Officer Goeltz in Wyomissing. Officer Goeltz saw defendant strike the car and swore out the citations which were served on defendant by mail. That being the case, the issue is whether, in fact, that changes the analysis significantly.
Defendant argues that Commonwealth v. Johnson, 399 Pa. Super. 463, 466 A.2d 636 (1983), applies since defendant was not stopped in Wyomissing *407 after the first accident. We disagree. \n Johnson, supra, the defendant led police on a high-speed chase lasting from 12:39 to 12:42 a.m., through two counties, Berks and Montgomery, and three different municipalities, while committing numerous motor vehicle violations. Johnson was charged in the three municipalities. Johnson entered pleas of guilty to all the charges before three different magistrates. Johnson later petitioned to withdraw his guilty pleas in Montgomery County, but not in Berks County. The Superior Court found that the charges arose from the same uninterrupted episode and several of the charges were duplicative. The Superior Court held that defendant’s first pleas of guilty would be valid, but subsequent pleas to the same violations, as they arose from the same incident, would be barred by the double jeopardy clause. Id.
In the instant case, defendant struck a vehicle in Wyomissing. Defendant was observed by Officer Grant Goeltz of the Wyomissing Police Department who did not commence a high-speed chase of defendant, but rather swore out citations before District Justice Dougherty and served defendant by mail. After striking the car in Wyomissing, defendant continued into Spring Township, where he was involved in a more serious accident at 6:14 p.m., approximately three miles from the scene of the previous accident and approximately seven minutes after the first incident. There was no high-speed chase.
In Commonwealth v. Edwards, 264 Pa. Super. 223, 399 A.2d 747 (1979), the Superior Court relied upon the Model Penal Code definition of same criminal episode:
“In many instances one offense is a necessary step in the accomplishment of a given criminal objective; in other instances the commission of an *408 additional offense may result from the attempt to secure the benefit of a previous offense or conceal its commission . . Edwards, quoting the Model Penal Code, section 1.08, comment at page 37 (dent, draft 5, 1956).
In the instant case, unlike Johnson, defendant did not lead the police on a high-speed chase. Defendant was not being chased in an attempt to conceal the commission of the earlier offense. Defendant continued after he struck the car in Wyomissing and was involved in a wholly separate accident in Spring Township. The second accident occurred at 6:14 p.m. and forms the basis for the instant charges of driving under the influence of alcohol under 75 Pa.C.S. §§3731(a)(l) and (a)(4), as well as summary charges of reckless driving, 75 Pa.C.S. §3714, and driving on right side of roadways, 75 Pa.C.S. §3301(a), against defendant. Therefore, defendant’s reliance upon Johnson is misplaced.
Defendant relies upon Grady v. Corbin, 495 U.S. _ , 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Defendant’s reliance upon Grady is likewise misplaced. The United States Supreme Court held that the federal double jeopardy clause bars a subsequent prosecution if “to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” Id. In the instant case, there are two separate courses of conduct and the second resulted in the driving under the influence charge with which the defendant stands accused. The first accident was independent of the second. The Wyomissing accident, which occurred at 6:07 p.m., is not conduct which the Commonwealth must prove as part of an essential element of the driving under the influence prosecution.
*409 The Supreme Court in Grady stated that “[t]his holding would not bar a subsequent prosecution on the homicide and assault charges, if the bill of particulars revealed that the state would not rely on proving the conduct for which Corbin had already been convicted (i.e., if the state relied solely on Corbin’s driving too fast in heavy rain to establish recklessness or negligence.” Id. (emphasis supplied; footnote omitted) In the instant case, the probable cause statement indicates that defendant was involved in a motor vehicle accident which left defendant trapped inside his car. Additionally, the probable cause states that defendant was traveling in the southbound lane and crossed the center line into the northbound lane, and that defendant drove his vehicle in careless disregard for the safety of persons or property. Defendant’s guilty plea was to a summary offense that was based on the earlier incident, not the later incident which resulted in defendant being charged with driving under the influence. Therefore, the Commonwealth will not rely on proving the conduct for which defendant has already been convicted. Defendant will not again be placed in jeopardy by conduct for which he was previously prosecuted.

Suppression of Evidence

Defendant argues that the police officer lacked probable cause to request that defendant submit to a blood test and on that basis, the police lacked probable cause to arrest defendant. We disagree.
Section 1547(a)(1) of the Vehicle Code, the Implied Consent Statute, provides that a person implicitly consents to a chemical test of his or her blood for alcohol content where a police officer has a reasonable suspicion that the defendant was driving *410 under the influence of alcohol. 75 Pa.C.S. §1547(a)(l). The reasonable suspicion standard has been interpreted to be the probable cause standard; see Commonwealth v. Quarles, supra. “Probable cause exists where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver had been driving under the influence of alcohol.” Commonwealth v. Kohl, 395 Pa. Super. 73, 576 A.2d 1049 (1990).
In a recent case, the Superior Court held that when an accident occurs during good weather and dry road conditions and the attending officer detects the odor of an alcoholic beverage about the defendant, sufficient probable cause exists that the defendant had been driving under the influence of alcohol. Commonwealth v. Welshans, 397 Pa. Super. 439, 580 A.2d 379 (1990). In the instant case, defendant was involved in a motor vehicle accident where the arresting officer found defendant trapped behind the steering wheel of the vehicle, which was on its side. An odor of alcohol was noted on defendant’s breath and the weather conditions were favorable. Therefore, applying Welshans to the instant case, sufficient probable cause existed for the arrest and for the blood alcohol content test.
For the above-mentioned reasons, the court will deny defendant’s request for dismissal on double jeopardy grounds, as well as defendant’s request for suppression of evidence.
ORDER
And now, December 11, 1990, upon consideration of the record, testimony at omnibus pretrial hearing, and argument having been made thereon, this court orders and decrees that:
*411 (1) Defendant’s request for dismissal on double jeopardy grounds is hereby denied.
(2) Defendant’s request for suppression of the blood test result of 0.29 percent is hereby denied.

 Findings of fact numbers 1 through 4 and 11 through 13 are stipulated findings of fact by counsel and in this court’s opinion dated August 6, 1990, in Commonwealth v. Frederick G. Kehler, Misc. Dkt. 190/90. The remaining findings of fact are based upon the omnibus pretrial hearing held before this court on November 20, 1990.