633 A.2d 647

COMMONWEALTH of Pennsylvania, Appellee,

v.

Joseph RICKABAUGH, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Susan Marie RICKABAUGH, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 14, 1993.

Filed Nov. 10, 1993.

Paul M. Puskar, Hollidaysburg, for appellants.

Elizabeth A. Doyle, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before KELLY, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Blair County following appellants' convictions on charges of possession of marijuana, possession with intent to deliver marijuana and criminal conspiracy.[1] Appellants contend that their waiver of Fifth Amendment rights was not knowing and intelligent because the lower court refused to charge the jury on the defense of entrapment, despite having represented prior to appellants' testimony that such a charge would be given.[2] Upon review, we reverse the judgment of sentence and remand for a new trial.

The record reveals the following: Pursuant to a drug investigation spanning from May of 1989 to August of 1989, the Pennsylvania State Police came in contact with one Mary Specht through an informant. Ms. Specht was a baby-sitter for appellants' son. On several occasions, an undercover

---

[1]. Appellants are husband and wife whose charges were tried together pursuant to Pa.R.Crim.P. 1127.

[2]. The privilege afforded against compulsory self-incrimination by the Fifth Amendment to the United States Constitution is protected under the Fourteenth Amendment against abridgment by the states. *Commonwealth v. Carrera*, 424 Pa. 551, 227 A.2d 627 (1967). The privilege extends not only to the disclosure of facts which would in themselves establish guilt, but also to any fact which might constitute an essential link in a chain of evidence by which guilt can be established. *Commonwealth v. Hawthorne*, 428 Pa. 260, 236 A.2d 519 (1968).

police officer purchased marijuana from Ms. Specht, and, at various times, the officer drove Ms. Specht to the mobile home park where appellants resided for the purpose of obtaining marijuana. Ms. Specht entered appellants' trailer home and subsequently purchased or received marijuana from appellants and delivered the same to the undercover police officer. After the purchase of marijuana by Mary Specht on August 28, 1989, the Pennsylvania State Police obtained a search warrant for appellants' trailer home and seized 164 grams of marijuana, boxes of plastic bags, scales and weights. Mary Specht was unaware that she was selling marijuana to a police officer.

At trial, following the Commonwealth's presentation of testimony, appellants moved for a demurrer on the basis that the evidence established entrapment as a matter of law. Trial N.T. 6/12/91, p. 140. The trial judge and counsel held an extensive discussion on whether that demurrer should be granted in light of our Court's decision in *Commonwealth v. Wright*, 396 Pa.Super. 276, 578 A.2d 513 (1990) (en banc). Trial N.T. 6/12/91, pp. 140–146. Thereafter, upon construing the language of our Court's decision in *Wright*, the trial judge ruled that entrapment is a matter for the jury to decide and thus denied appellants' demurrer. Trial N.T. 6/12/91, p. 146–147.[3]

3. In denying appellants' demurrer and ruling that entrapment is a matter for the jury to decide, the lower court stated that it relied upon the following language provided by our Court in *Wright*, 396 Pa.Super. at 287, 578 A.2d at 519 (citations omitted):

"Thus, it is clear that this Commonwealth has adopted an objective standard for evaluating whether entrapment has occurred. Generally, speaking, this standard is employed by the factfinder. Whether an entrapment has occurred is a question for the jury unless the evidence points only to one conclusion, in which case it may be decided as a matter of law. In order to prevail on a claim that the evidence demonstrated entrapment as a matter of law, appellants must show that the evidence was so overwhelming that it could admit no other conclusion and because appellants did not meet this standard the Court concluded ..."

Trial N.T. 6/12/91, pp. 146–147. In *Wright*, our Court found that the evidence established entrapment as a matter of law. Consequently, we held that the trial court committed an error of law in submitting the issue of whether defendant was entrapped to the jury. *Id.*, at 290–295, 578 A.2d at 520–523.

After the lower court determined that entrapment is a matter for the jury to decide, appellants took the stand and admitted to smoking marijuana, possessing marijuana in their trailer home and giving marijuana to Mary Specht in exchange for her babysitting services. Trial N.T. 6/12/91, pp. 149–151, 154–164, 166–174. Following appellants' testimony, the court adjourned for the day of June 12, 1991. The trial judge and counsel, thereafter, met in chambers and held discussions off the record. The trial judge expressly granted appellants' request for a charge of entrapment with regard to the sale or delivery of marijuana by appellants to Mary Specht. Trial Opinion 2/10/93, p. 4. However, on the following morning of June 13, 1991, again in chambers, and again off the record, the Commonwealth advised the trial judge that it was not proceeding on any allegations of sale or delivery to Mary Specht but only on the marijuana that was obtained as a result of the search warrant. Trial Opinion 2/10/93, p. 4. Under those circumstances, the trial judge determined that a charge of entrapment would be inappropriate and thus denied appellants' request for this charge. Trial Opinion 2/10/93, p. 4. After the discussions in chambers, the court reconvened and appellants gave their closing argument on June 13, 1991. Trial N.T. 6/13/91, pp. 177–202.

On the same day, the jury found appellants guilty of the charges of possession of marijuana, possession with the intent to deliver and criminal conspiracy. On September 25, 1991, the lower court entered an order denying appellants' post-trial motions. On December 2, 1991, the court below entered the judgment of sentence. Appellants then filed a motion for reconsideration of sentence and a notice of appeal.[4]

---

4. On April 1, 1992, the lower court entered an order directing appellants to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Appellants did not file their concise statement of matters complained of on appeal until April 30, 1992. R. 22. Although appellants failed to file a timely statement, we, nevertheless, entertain appellants' appeal from the judgment of sentence. *See* Pa.R.A.P.1925(b); *Commonwealth v. Mathis*, 317 Pa.Super. 362, 464 A.2d 362 (1983) (notwithstanding defendant's failure to comply with Rule 1925(b), Superior Court reviewed issues raised in post-trial motions which were addressed in trial court's opinion). We note that the

Appellants contend that their waiver of Fifth Amendment rights was invalidated on the ground that the lower court failed to charge the jury on the defense of entrapment.[5] Appellants structure their argument as follows: "Because [appellant's] waiving of their rights against self-incrimination was conditioned by their acceptance of the trial court's ruling at Demurrer, the intelligence and voluntariness of that waiver evaporated when the issue of entrapment was negated as a matter for the jury." Appellants' Brief, p. 9. In assessing whether appellants' argument has merit, we are guided by the following principles: "A constitutional right will only be deemed waived where the decision to waive that right is both knowing and intelligent." *Commonwealth v. Johnson*, 319 Pa.Super. 463, 470, 466 A.2d 636, 640 (1983). "For that individual to be able to make a knowing and intelligent waiver of a constitutional right, he must have been aware of both the nature of the constitutional right and the risk of forfeiting the same." *Commonwealth v. Szekeresh*, 357 Pa.Super. 149, 154, 515 A.2d 605, 607, *appeal denied*, 515 Pa. 606, 529 A.2d 1080 (1986); *See Commonwealth v. Barnette*, 445 Pa. 288, 285 A.2d 141 (1971) (to be a knowing and intelligent waiver the defendant must be aware of both the right and the risks of forfeiting the same). The focal point of waiver of constitutional rights is whether defendant made an informed decision. *Szekeresh*, 357 Pa.Super. at 156, 515 A.2d at 608. "If all necessary information is communicated to the defendant, a waiver will not be disturbed." *Commonwealth v. Carey*, 235 Pa.Super. 366, 372, 340 A.2d 509, 511 (1975). Presumption

arguments presented by appellants, herein, were raised in appellants' post-trial motions and addressed by the lower court's opinion dated February 10, 1993.

5. Appellants raise two other related contentions. First, appellants maintain that their closing argument was affected prejudicially by the lower court's refusal to give an entrapment charge. Appellants' Brief, pp. 5–7. Second, appellants assert that there are colorable facts from which the jury could find entrapment, and thus the court below committed an error of law in precluding the jury from making that determination. Appellants' Brief, pp. 8–12. Because we find a reversal of the judgment of sentence warranted on the ground that appellants' waiver of Fifth Amendment rights was invalidated, we need not reach the merits of appellants' other arguments.

must always be against waiver of a constitutional right. *Johnson*, 319 Pa.Super. at 472, 466 A.2d at 641. "Regarding *any* rights guaranteed by either the United States Constitution or the Pennsylvania Constitution, for a waiver of those rights to be valid, the Commonwealth must prove by a preponderance of the evidence that the alleged waiver was intelligently made." *Commonwealth v. Coleman*, 477 Pa. 400, 407, 383 A.2d 1268, 1271 (1978) (emphasis added).

In light of the aforesaid law and upon close examination of the record, we find that appellants' decision to waive their Fifth Amendment rights was not knowing and intelligent since appellants' waiver was induced by the lower court's express ruling that entrapment was a matter for the jury to decide. Here, following the Commonwealth's presentation of testimony, appellants moved for a demurrer on the ground that the evidence established entrapment as a matter of law. Upon close review, the court below denied that demurrer and specifically stated on the record that entrapment is a matter for the jury to decide. Trial N.T. 6/12/91, p. 147. Implicit, therein, is the court's decision to instruct the jury on the defense of entrapment. Relying upon the court's ruling that entrapment is a matter for the jury to decide, appellants took the stand and testified to criminal acts of marijuana possession and delivery to Mary Specht. That testimony, offered to prove their defense of entrapment, also established guilt for the charges which they were ultimately convicted. But following appellants' testimony, the Commonwealth advised the lower court that it was not proceeding on any allegations of sale or delivery to Mary Specht and only on the marijuana that was obtained as a result of the search warrant. Under those circumstances, the lower court found that a charge of entrapment would be inappropriate and thus refused to instruct the jury on this charge. Thereafter, appellants were convicted of possession of marijuana, possession with the intent to deliver and criminal conspiracy.

Notwithstanding the Commonwealth's withdrawal of the charges of sale or delivery to Mary Specht, appellants' testimony was extremely prejudicial to their case. Appellants

would not have testified but for the court's representation that the defense of entrapment would be evaluated by the jury. Because the court below refused to present the issue of entrapment to the jury, we conclude that appellants' waiver of Fifth Amendment rights was not knowing and intelligent. Certainly, at the time appellants decided to forgo their Fifth Amendment rights and testify, the record does not reveal that appellants knew or should have known that the lower court would later refuse to charge the jury on entrapment. Accordingly, under the particular facts of this case, we conclude that the lower court committed an error of law in failing to charge the jury on the defense of entrapment.[6]

Judgment of sentence reversed and case remanded for trial. Jurisdiction relinquished.

BROSKY, Judge, concurring.

I concur in the result reached by the majority since I agree that the instant case must be remanded to the trial court for a new trial.

Perhaps appellants would not have testified and admitted to smoking marijuana, possessing marijuana and giving marijuana to Mary Specht if they had known that the trial court would not give a jury charge on entrapment. However, I believe that the failure to give a jury charge on entrapment was not as damaging to appellants' case as the trial court's indication to appellants that it would submit the entrapment issue to the jury: that trial court action provided inducement to appellants to testify and absent their highly damaging testimony it is quite conceivable that the jury may not have convicted them of possession of marijuana, possession with intent to deliver marijuana and conspiracy, regardless of the giving or withholding of any jury charge on entrapment.

6. Our decision, of course, does not address the question of whether the evidence establishes the defense of entrapment. On remand, the lower court is free to preclude that issue from reaching the jury. *See Commonwealth v. Mott*, 234 Pa.Super. 52, 334 A.2d 771, *allocatur denied* (1975) (where court decides, as a matter of law, that entrapment is not an available defense, issue should not go to jury).