J-A07005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RUE | : | |
| | : | |
| Appellant | : | No. 415 EDA 2021 |

Appeal from the Order Entered January 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0015017-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 9, 2022**

Appellant, Robert Rue, appeals from the January 19, 2021 order denying his Motion to Dismiss on double jeopardy grounds. After careful review, we affirm.

In 2010, Appellant punched Joseph Roy, causing Roy to fall, hit his head, and fall into a coma. In 2012, a jury convicted Appellant of Simple Assault and Recklessly Endangering Another Person ("REAP") but acquitted him of Aggravated Assault related to his punching Roy.[1]

Roy died in May 2020 from his injuries. In August 2020, the Commonwealth charged Appellant with Involuntary Manslaughter.[2] On September 14, 2020, Appellant filed a Motion to Dismiss, arguing that the

---

[1] 18 Pa.C.S. §§ 2701(a)(1), 2705, and 2702(a), respectively.

[2] 18 Pa.C.S. § 2504(a).

criminal collateral estoppel rule precludes Appellant's prosecution for Involuntary Manslaughter. He asserted that by acquitting him of Aggravated Assault, the jury determined that Appellant did not cause Roy to suffer serious bodily injury and, therefore, a subsequent jury is barred from finding that Appellant caused Roy's death.

The trial court denied Appellant's motion on January 19, 2021. Appellant filed a timely Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issue for our review:

> Does the Double Jeopardy Clause of the Pennsylvania Constitution or the equivalent protections of the federal Constitution (or the statutory codification of that protection at 18 Pa.C.S. § 110(2)) protect [Appellant] from trial on the pending charge of [I]nvoluntary [M]anslaughter, because the jury at [A]ppellant's 2012 trial, by acquitting him of [A]ggravated [A]ssault while convicting him of [S]imple [A]ssault and [REAP], necessarily determined in his favor a fact which the Commonwealth would have to prove to convict him of the present charge, which is based on the subsequent death of the same victim allegedly caused by [A]ppellant's acts on the same underlying occasion in 2010?

Appellant's Br. at 3.

---

[3] On August 17, 2021, this Court remanded the instant appeal to the trial court for it to "render a specific finding on frivolousness pursuant to Pa.R.Crim.P. 587(B)(4)." Order, 8/17/21. On September 10, 2021, the trial court issued a supplemental Rule 1925(a) Opinion finding the appeal not frivolous. As a result, we have jurisdiction to address this appeal. Pa.R.Crim.P. 587(B)(6) (explaining that the denial of a non-frivolous double jeopardy motion is an immediately appealable collateral order).

The applicability of double jeopardy protection raises a question of law over which our standard of review is *de novo* and scope of review is plenary. ***Commonwealth v. Jordan***, 256 A.3d 1094, 1104-05 (Pa. 2021).

As stated above, the 2012 jury convicted Appellant of Simple Assault and REAP. A Simple Assault conviction requires proof that the defendant "recklessly cause[d] bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). REAP requires proof that he "recklessly engage[d] in conduct which place[d] another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

The jury acquitted Appellant of Aggravated Assault. A person is guilty of Aggravated Assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Aggravated Assault requires proof of malice, a more culpable state of mind than the recklessness needed to convict a defendant of Simple Assault, REAP, or Involuntary Manslaughter. ***See Commonwealth v. Packer***, 168 A.3d 161, 168-69 (Pa. Super. 2017).

The Commonwealth has now charged Appellant with Involuntary Manslaughter. "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless[4] manner . . . he causes the death of another person." 18 Pa.C.S. § 2504(a). Importantly, "Involuntary

---

[4] Although the Involuntary Manslaughter statute refers to "a reckless or grossly negligent" state of mind, our Supreme Court has equated these states of mind for the purposes of determining manslaughter. ***Commonwealth v. Huggins***, 836 A.2d 862, 867-68 (Pa. 2003).

[M]anslaughter is not an intentional killing requiring malice." ***Commonwealth v. Naranjo***, 53 A.3d 66, 71 n.3 (Pa. Super. 2012).

Appellant has presented several sub-issues in his single question for review. We address each sub-issue *seriatim*.

Appellant first renews the argument he made in his Motion to Dismiss. He asserts that by acquitting him of Aggravated Assault, the jury found that he did not cause Roy to suffer serious bodily injury. Appellant's Br. at 22. Since Appellant did not cause Roy serious bodily injury, Appellant reasons, the jury cannot now find that Appellant committed Involuntary Manslaughter by causing Roy's death. ***Id.***

Where a fact-finder has already decided a controlling material issue in a previous prosecution, criminal collateral estoppel functions to preclude redetermination of that issue in a subsequent prosecution. ***Commonwealth v. States***, 938 A.2d 1016, 1021 (Pa. 2007). It is a subpart of double jeopardy protection and applies only "where the first trial ended with a **definitive** determination of a controlling material issue." ***Commonwealth v. McNeal***, 120 A.3d 313, 327 (Pa. Super. 2015) (emphasis added).

To determine "whether or to what extent an acquittal can be interpreted in a manner that affects future proceedings, . . . [w]e ask whether the fact-finder, in rendering an acquittal in a prior proceeding, could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." ***States***, 938 A.2d at 1021 (citations and quotation marks omitted). Where a fact-finder, in rendering an acquittal in a

prior proceeding, necessarily based its verdict "on resolution of an issue in a manner favorable to the defendant with respect to the [instant] charge," double jeopardy precludes the Commonwealth "from attempting to relitigate that issue in an effort to resolve it in a contrary way." *Id.* Conversely, where a jury's acquittal may have been based on any one of several factors, the "acquittal cannot be definitively interpreted as resolving an issue in favor of the defendant with respect to a remaining charge [and] the Commonwealth is free to commence with trial as it wishes." *Id.*

In the instant case, by convicting Appellant of Simple Assault and REAP, the 2012 jury must have found that Appellant acted recklessly which (1) caused Roy to suffer bodily injury, and (2) placed Roy in danger of death or serious bodily injury, respectively. *See* 18 Pa.C.S. §§ 2701(a)(1), 2705. By contrast, a conviction for Aggravated Assault requires proof that Appellant acted with malice which caused Roy to suffer serious bodily injury. 18 Pa.C.S. § 2702(a). Thus, it is possible, as Appellant speculates, that the jury acquitted him of Aggravated Assault based on a finding that he did not cause Roy serious bodily injury. It is equally possible, however, that the jury acquitted Appellant of Aggravated Assault because it determined that Appellant had acted recklessly in punching Roy, but did not act with malice.

It is, thus, possible that the jury "could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *States*, 938 A.2d at 1021 (citation omitted). Since the acquittal on the Aggravated Assault offense could have been based on the

jury's conclusion that Appellant did not act with malice in punching Roy, we cannot say that the verdict necessarily determined the degree of injury Appellant caused Roy, a material issue in Appellant's instant prosecution for Involuntary Manslaughter. Accordingly, the 2012 verdict does not bar the instant prosecution and Appellant's first argument garners no relief.

In his second sub-issue, Appellant argues that his acquittal of Aggravated Assault bars his prosecution for Involuntary Manslaughter because the jury necessarily determined that Appellant did not act with the requisite *mens rea*. **See** Appellant's Br. at 12-25. Appellant did not preserve this argument for appellate review and it is, thus, waived.

Our rules require that a defendant's "motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy[.]" Pa.R.Crim.P. 587(B)(1). The failure to raise the particular basis results in waiver of the issue. **See Commonwealth v. Jones**, 466 A.2d 636, 641 (Pa. Super. 1983) ("an accused who does not act in a timely manner may waive a double jeopardy issue" by failing to raise it by pretrial motion); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Because Appellant did not raise this argument in his Motion to Dismiss, it is waived.[5]

_____

[5] Even if not waived, this argument would garner no relief. In convicting Appellant of Simple Assault and REAP, the 2012 jury necessarily determined that he acted recklessly in punching Roy. The *mens rea* element of Involuntary Manslaughter is recklessness. Accordingly, as the trial court observed, "[i]f
*(Footnote Continued Next Page)*

Within this sub-issue, Appellant argues that the court erred by focusing on the statutory elements of the crimes rather than the instructions the court gave to the jury. Appellant's Br. at 17. Appellant fails to support this assertion with citation to legal authority and, as a result, it is waived. *See* Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Finally, in his third sub-issue, Appellant argues that his prosecution is barred by the compulsory joinder rule, 18 Pa.C.S. § 110(2). As with his second sub-issue, Appellant did not raise this claim before the trial court and, as a result, it is waived. Pa.R.A.P. 302(a).

Since we cannot definitively interpret Appellant's acquittal of Aggravated Assault as resolving a material issue in his favor concerning Involuntary Manslaughter, we conclude double jeopardy principles do not preclude his trial on the Involuntary Manslaughter charge. Accordingly, we affirm the trial court's order denying relief.

Order affirmed.

---

collateral estoppel precluded the determination of whether the Appellant had the requisite *mens rea* when he punched [Roy], the outcome would not be in the Appellant's favor." Trial Ct. Op., 9/10/21, at 4-5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2022