J-S58022-18

2018 PA Super 301

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRON L. MILLER | : | |
| | : | |
| Appellant | : | No. 369 WDA 2018 |

Appeal from the Order February 7, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001327-2017

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

OPINION BY MURRAY, J.:                    FILED NOVEMBER 05, 2018

Terron Miller (Appellant) appeals from the order denying his pre-trial motion to dismiss charges based on double jeopardy.  Upon review, we affirm.

The trial court detailed the factual and procedural background:

On or about April 6, 2017, the Altoona Police Department charged [Appellant] with various violations of the Controlled Substance Act.  These charges occurred as a result of a statewide grand jury and subsequent grand jury presentment.  Following a preliminary hearing, the Commonwealth filed a Criminal Information on July 24, 2017.  The Criminal Information charged [Appellant] with one count of criminal conspiracy.  The count of criminal conspiracy alleged that [Appellant] engaged in conduct which would constitute a crime or an attempt or solicitation to commit a crime.  The allegations in the Criminal Conspiracy Complaint indicate that the conspiracy occurred between on or about January 1, 2015 through February 2, 2016 within Blair and York Counties.  The Commonwealth also charged [Appellant] with one count of possession with intent to deliver/delivery of a controlled substance indicating that [Appellant] unlawfully, willfully, and feloniously possessed with intent to deliver a controlled substance between on or about January 1, 2015 through February 2. 2016.  The Commonwealth also alleges a charge of dealing in proceeds of unlawful activity, utilizing the dates of between on or about January 1, 2015 through February

2, 2016 and two counts of corrupt organizations. The corrupt organization charges indicate the same relevant dates January 1, 2015 through February 2, 2016 but allege violations of different subsections of the corrupt organization statute. The Commonwealth also charged [Appellant] with an additional count of possession of drug paraphernalia as a misdemeanor offense but did not provide a specific date for that offense. The case proceeded through the pretrial stage. During the pretrial stage, [Appellant] filed an Omnibus Pretrial Motion for Relief on August 16, 2017. Relevant to this Opinion, [Appellant's] Omnibus Pretrial Motion included a Motion to Dismiss.

In [Appellant's] Motion to Dismiss, [Appellant] draws the Court's attention to numerous prior criminal actions previously addressed in the Court of Common Pleas of Blair County. These matters were docketed at 2016 CR 1258, 1259, 1260, 1261, 1262 and 1461. In [Appellant's] Motion he indicates that the previous docket numbers evidenced charges of possession with intent to deliver for six (6) sales of heroin to a confidential informant which were alleged to have occurred on June 12, 2015 (2016 CR 1262), July 16, 2015 (2016 CR 1461), September 10, 2015 (2016 CR 1261), October 23, 2015 (2016 CR 1260), January 29, 2016 (2016 CR 1259) and February 2, 2016 (2016 CR 1258). The record establishes that [Appellant] entered guilty pleas in the aforementioned matters on November 21, 2016 and received a period of incarceration of 5 to 15 years. [Appellant's] guilty pleas were for a count of criminal conspiracy and a count of possession with intent to deliver at each of the aforementioned criminal action numbers. [Appellant] alleges that the current prosecution is based on the same conduct for which [Appellant] was previously prosecuted and that the current prosecution arises from the same criminal episode for which [Appellant] was previously prosecuted. [Appellant] further alleges that the prior prosecutions of [Appellant] took place in the same jurisdiction as the present prosecution and that the prosecuting officers were aware of the alleged acts which led to the present prosecution at the time of his guilty plea and sentencing on November 21, 2016. For these reasons, [Appellant] alleges that his charges should be barred by 18 Pa.C.S.A. § 109 and § 110 and Article 1 § 10 of the Constitution of the Commonwealth of Pennsylvania and the Fifth Amendment of the Constitution of the United States.

As a result of the filing of [Appellant's] Pretrial Motion, the [trial court] conducted a hearing on the Omnibus Pretrial Motion on

> November 28, 2017. Following the November 28, 2017 hearing, the [c]ourt issued Orders on November 28, 2017 and November 30, 2017. These Orders indicated that the Commonwealth and the [Appellant] agreed to incorporate the Affidavits of Probable Cause for each of the prior prosecutions as well as the Grand Jury presentment for the current prosecution so that the [c]ourt [could] utilize this evidence to make a decision on [Appellant's] outstanding motion. The [c]ourt also provided the parties an opportunity to brief the issues before the Court. As a result, [Appellant] submitted a legal argument on or about December 21, 2017. The Commonwealth filed a Memorandum of Law on January 2, 2018.

Trial Court Opinion, 2/7/18, at 1-4.

To summarize, on November 21, 2016, as a result of charges filed by the District Attorney of Blair County, Appellant pled guilty to six counts of possession with intent to deliver (PWID) and conspiracy related to Appellant selling heroin to a confidential informant on June 12, 2015, July 16, 2015, September 10, 2015, October 23, 2015, January 29, 2016, and February 6, 2016. The trial court sentenced Appellant to 5 to 15 years of incarceration. At that time, the parties and the trial court "knew that Appellant was the subject of a grand jury investigation concerning those various transactions." Appellant's Brief at 6, 10.

On April 3, 2017, the Attorney General of Pennsylvania filed a criminal complaint against Appellant relating to a major, statewide heroin trafficking ring that resulted in Appellant being charged with seven drug-related crimes, including PWID and conspiracy, from January 1, 2015 through February 2, 2016. Appellant filed a motion to dismiss the charges based on the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions as well

as Section 110 of the Pennsylvania Crimes Code ("When prosecution barred

by former prosecution for different offense").

On February 7, 2018, the trial court entered an order and opinion

denying Appellant's motion to dismiss.  Appellant timely filed this interlocutory

appeal.[1]

Appellant presents a single issue for our review:

> DID THE TRIAL COURT ERR IN CONCLUDING THAT THE PRESENT
> PROSECUTION IS NOT BARRED BY ARTICLE 1 SECTION 10 OF THE
> PENNSYLVANIA CONSTITUTION AND THE FIFTH AMENDMENT OF
> THE UNITED STATES CONSTITUTION?

Appellant's Brief at 4.

With respect to Appellant's double jeopardy claim, our scope and

standard of review is as follows:

_____

[1] This Court has stated:

> The denial of a pretrial motion to dismiss an indictment on double
> jeopardy grounds is subject to appellate review unless it appears
> that the claim is frivolous.  Commonwealth v. Shull, 811 A.2d
> 1, 3 (Pa. Super. 2002) (citation omitted).  Additionally, Rule 313
> states that an appeal may be taken as of right from a collateral
> order of a lower court.  See Pa.R.A.P. 313(a). Further, the
> comment to Rule 313 cites examples of collateral orders and
> includes an order denying a pre-trial motion to dismiss based on
> double jeopardy.  See Pa.R.A.P. 313 (citing Commonwealth v.
> Brady, [] 508 A.2d 286, 289-91 ([Pa.] 1986) (allowing an
> immediate appeal from denial of double jeopardy claim under
> collateral order doctrine where trial court makes a finding that
> motion is not frivolous)).

Commonwealth v. Schmidt, 919 A.2d 241, 244 (Pa. Super. 2007), appeal
denied, 936 A.2d 40 (Pa. 2007).

An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

Commonwealth v. Graham, 109 A.3d 733, 736 (Pa. Super. 2015) (citation omitted).

The prohibition against double jeopardy was designed to protect individuals from being tried or punished more than once for the same allegation or offense. Commonwealth v. Ball, 146 A.3d 755, 759 (Pa. 2016). The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb [.]" U.S. Const. amend. V. Likewise, Article I, § 10 of the Pennsylvania Constitution provides that "No person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. art. I, § 10; see also Commonwealth v. Minnis, 83 A.3d 1047, 1049 n.1 (Pa. Super. 2014) (en banc).

With regard to Section 110 of the Pennsylvania Crimes Code, the policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses

stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation. Commonwealth v. George, 38 A.3d 893, 896 (Pa. Super. 2012). The statute provides:

> § 110. When prosecution barred by former prosecution for different offense
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > > (i) any offense of which the defendant could have been convicted on the first prosecution;
> > >
> > > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or
> > >
> > > (iii) the same conduct, unless:
> > >
> > > > (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or
> > > >
> > > > (B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110.

At the outset of our analysis, we note that the trial court maintains that Appellant waived his Section 110 claim. The court found that "the colloquy of [Appellant] at the time of his sentencing hearing evidences a specific understanding that he will be charged by the grand jury with additional charges for the same timeframes and that those charges could be part of the same criminal episode." Trial Court Opinion, 2/7/18, at 7. The court continued: "[Appellant] had counsel at the time . . . and we find that the colloquy is sufficient to establish that [Appellant] understood his rights under [Section] 110 and specifically waived those rights." Id.

The Commonwealth likewise argues that Appellant "waived any double jeopardy and/or compulsory joinder claims he may have had . . . as a term of a favorable plea agreement." Commonwealth Brief at 6. The Commonwealth states:

> [Appellant] received the benefit of this bargain from the Commonwealth in the form of nolle prossed charges and an agreed-upon sentence, but now seeks to renege on his portion of the agreement and receive more consideration than that to which he is rightfully entitled, via the assertion of rights that he had expressly agreed to waive.

Id.

In response, Appellant argues that "a review of the colloquy reveals that no such waiver was properly conducted . . . ." Appellant's Brief at 13. Appellant asserts that the colloquy is "entirely unclear" as "to what rights Appellant is waiving, and, in particular, the constitutional rights contained

- 7 -

within the Double Jeopardy Clause w[ere] not explained to the Appellant, nor was any alleged waiver of same knowing and intelligent." Id. at 14.

With regard to the double jeopardy clause, Section 110, and waiver, we have stated:

> While in many respects [S]ection 110 and the double jeopardy clause serve the same ends, nevertheless, the two provisions are not one and the same. In the first instance, the double jeopardy clause is, of course, a constitutional right; by contrast, [S]ection 110 is merely statutory. This distinction is crucial when the question of waiver is an issue. A constitutional right will only be deemed waived where the decision to waive that right is both knowing and intelligent. With regard to statutory provisions, the waiver need only be voluntary.

Commonwealth v. Johnson, 466 A.2d 636, 639-40 (Pa. Super. 1983).

The notes of testimony from Appellant's prior guilty plea reflect that Appellant waived his right to challenge the charges in this case on the basis of Section 110:

> [Commonwealth]: Do you understand that you would potentially have what is known as a Section 110 challenge to new offenses regarding the dates covered these controlled buys? Do you understand that?
>
> [Appellant]: Yes
>
> [Commonwealth]: And you are waiving any objection or . . . any objection to you being charged with regards to historical time frames associated with these types of charges, meaning Possession With the Intent to Deliver, Criminal Conspiracy and other charges from the grand jury; do you understand that?
>
> [Appellant]: Yes.
>
> [Commonwealth]: And you are indicating you are waiving any Section 110 challenge to new charges?

[Appellant]: Yes.

N.T., 11/21/16, at 4.

Nevertheless, the question of whether Appellant waived his right to challenge his charges in this case on the basis of Section 110 is not entirely dispositive, as waiver of a Section 110 claim does not equate to waiver of a claim brought under the double jeopardy clause. We reiterate that waiver under Section 110 "need only be voluntary," while the constitutional right against double jeopardy "will only be deemed waived where the decision to waive that right is both knowing and intelligent." Johnson, 466 A.2d at 639-40. There is no indication in the notes of testimony from Appellant's guilty plea that he received a thorough colloquy regarding his constitutional rights under the double jeopardy clause and therefore, that he knowingly and intelligently waived his constitutional right against double jeopardy. Accordingly, we conclude that Appellant has not waived his double jeopardy claim.

We turn now to the merits of Appellant's challenge to the trial court's denial of his motion to dismiss on double jeopardy grounds. Appellant argues that to defend himself in the underlying case, he will "have to defend himself against conduct to which he was criminally charged and to which he pled guilty in November 2016." Appellant's Brief at 8. He asserts that "the Commonwealth will present the same evidence, i.e., testimony concerning the six controlled buys," and "this evidence would include the duplication of

testimony of the confidential informants, the police officers involved in said controlled buys, and the laboratory professionals as to the drug involved." Id. at 12.

The Commonwealth responds that "in keeping with the terms of the [negotiated] plea agreement, the Commonwealth has no intention of seeking additional punishment for [Appellant] for the specific drug buys that formed the bases [sic] for his earlier guilty pleas. These incidents will be used only to flesh out the full picture of [Appellant's] criminal activity and organization." Commonwealth Brief at 8.

This Court has applied the following standards for determining when a prosecution violates double jeopardy protections:

> Both the federal and state double jeopardy clauses are intended to protect defendants from subsequent prosecutions for the same act. The Pennsylvania Constitution's double jeopardy clause has been interpreted as "coextensive" with the federal Constitution's Fifth Amendment. Commonwealth v. Ball, [] 146 A.3d 755, 763 ([Pa.] 2016). The Pennsylvania Supreme Court applies the "same-elements" test articulated in Blockburger v. [U.S.], 284 U.S. 299 (1932); Commonwealth v. Yerby, [] 679 A.2d 217, 219 ([Pa.] 1996). Under the same-elements test, each offense or subsequent prosecution must require proof of at least one fact that the other offense or prosecution did not. Blockburger, supra at 304[]. Thus, the double jeopardy clause protects defendants from subsequent prosecutions for the same act.

Commonwealth v. Kolovich, 170 A.3d 520, 526 (Pa. Super. 2017), appeal denied, 182 A.3d 429 (Pa. 2018).

The trial court explained its decision to deny Appellant's motion to dismiss on grounds of double jeopardy as follows:

> [W]e find that the grand jury presentment outlines a course of conduct by [Appellant] that is broader in scope than the charges for which he was previously convicted. It is reasonable to conclude that the Commonwealth will present testimony and evidence at the trial on his current offense that would permit the jury to find [Appellant] guilty of criminal conspiracy and/or possession with intent to deliver for criminal acts not included in the previous convictions. The current charges allege that [Appellant] committed one count of criminal conspiracy and one count of possession with intent to deliver for the timeframe of January 1, 2015 through and including February 2, 2016. Because we believe that the Commonwealth may present additional evidence of these offenses for acts beyond what were previously alleged and for which [Appellant] was convicted, we do not believe that the Commonwealth is violating [Appellant]'s constitutional protections against double jeopardy. In the event that the Commonwealth does not present additional facts or evidence at trial beyond the scope of his previous convictions, this [c]ourt would reconsider our position either at the time of trial or in a post-trial motion.

Trial Court Opinion, 2/7/18, at 6-7.

Based on our review of the certified record on appeal, including the grand jury presentment in this case, we conclude that the trial court did not err in denying Appellant's pre-trial motion to dismiss. Appellant's guilty pleas in the prior case stem from multiple individual sales of heroin to a confidential informant. Id. at 2-3. In the instant matter, however, the Commonwealth seeks to prosecute Appellant for his involvement in a broad, statewide conspiracy to traffic and distribute heroin.

The grand jury presentment, inter alia, states:

> As a result of a collaborative law enforcement effort involving the Pennsylvania Office of Attorney General ("OAG"), the Pennsylvania State Police ("PSP"), the Blair County District Attorney's Office, the Blair County Drug Task Force and the Altoona Police Department, the Grand Jury learned of a drug-

distribution organization operating in and around Altoona, Blair County, Pennsylvania. Initially, the Grand Jury's investigation resulted in the issuance of Presentment No. 9 on December 13, 2016, wherein it was recommended that the OAG institute criminal charges against Wayne Davis ("Davis") and Lawrence Francis ("Francis") based upon a number of sales of heroin that the two men made to confidential informants ("CI"s).

The investigation continued, however, and the Grand Jury received evidence of the activities of additional participants in Davis and Francis' drug-distribution ring during the years 2015 and 2016 as well as additional controlled purchases made from these individuals and those working for [] Francis and [] Davis. These participants included:  [Appellant] . . .

*     *     *

One witness told the Grand Jury that he/she was introduced to Davis (a/k/a New York) near the beginning of 2015.  He/she stated that he/she also met Francis (a/k/a Shake) and [Appellant] (a/k/a Pimp).  The witness quickly learned that Francis and Davis were transporting narcotics from New York City even though they resided in York.  The witness stated that Francis was the one who was in charge and that he supplied Davis with the drugs.  Both Francis and Davis supplied drugs to [Appellant], who lived in Altoona.  The witness told the Grand Jury that at various times, [Appellant], Davis, and Francis were supplying Amber Plummer ("Plummer"), James Morgan ("Morgan") and Nathan Foor ("Foor") with bundles of heroin (one bundle is usually the equivalent of 10 bags of heroin) which they, in turn, would sell.

Grand Jury Presentment at 3, 6-7.

The grand jury presentment reflects that the Commonwealth seeks to prosecute Appellant for his role in the trafficking of heroin from New York City, through York, Pennsylvania to Altoona, Pennsylvania and the subsequent distribution of heroin to sellers in the Altoona area.  See id.  Thus, the prosecution in this case is far broader in scope than the charges to which Appellant previously pled guilty.  See id.

Importantly, in light of the early stage of proceedings in the instant matter, Appellant does not point to, and indeed, the record does not contain, any indication that the Commonwealth intends to base its prosecution in this case purely on facts identical to those involving his prior convictions. To the contrary, and as previously quoted, the Commonwealth has averred:

[I]n keeping with the terms of the [negotiated] plea agreement, the Commonwealth has no intention of seeking additional punishment for [Appellant] for the specific drug buys that formed the bases [sic] for his earlier guilty pleas. These incidents will be used only to flesh out the full picture of [Appellant's] criminal activity and organization.

Commonwealth Brief at 8.

At this point, we – like the trial court and Appellant – simply do not know the extent of the evidence the Commonwealth intends to present at trial. Thus, based on the record before us, we conclude that the trial court appropriately denied Appellant's motion to dismiss.

Moreover, in denying Appellant's motion to dismiss, the trial court alluded to the provisional nature of its decision when it stated, "In the event that the Commonwealth does not present additional facts or evidence at trial beyond the scope of [Appellant's] previous convictions, this [c]ourt would reconsider our position either at the time of trial or in a post-trial motion." Trial Court Opinion, 2/7/18, at 7. Therefore, if the Commonwealth fails to present new evidence against Appellant and, as a result, attempts to prosecute Appellant for crimes to which he already pled guilty, Appellant may file another motion to dismiss on double jeopardy grounds.

For these reasons, we affirm the trial court's order denying Appellant's motion to dismiss on the basis of double jeopardy.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/5/2018