J-A21003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| W. W. | : | |
| | : | |
| Appellant | : | No. 384 EDA 2018 |

Appeal from the Order Entered January 17, 2018
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001302-2017

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 28, 2019**

Appellant, W.W., seeks review of the order denying his pretrial motion to dismiss based on the compulsory joinder rule and double jeopardy. In a previous proceeding, Appellant pled guilty to charges arising from his sexual assault of a minor. He now seeks to preclude prosecution on charges arising from child pornography found on the computer seized from him during the prosecution of the sexual assault case. After careful review, we reverse as to the counts of child pornography relating to two of the videos found on Appellant's computer; we affirm as to all other counts, including the 126 remaining counts of child pornography.

On December 23, 2013, the Pennsylvania State Police ("PSP") began an investigation into a sexual assault perpetrated by Appellant against a twelve-

year-old victim ("the Victim").[1] Affidavit of Probable Cause, 3/20/17, at ¶ 3. The Victim was interviewed at the Scranton Children's Advocacy Center, where she disclosed she was sexually assaulted by Appellant multiple times between November 2011 and August 2013. *See id*. According to the affidavit of probable cause in the current action, "[the Victim] disclosed that this began when [Appellant] showed her a video of an older male having sex with a young girl. She related it was 'Kiddie Porn.' . . . She related that it may have been contained on a flash drive which he had inserted into the computer." *Id*.

The PSP obtained and executed a search warrant for Appellant's computer. "On at least four occasions over the next year, from November 2014 to August 2015," the trooper in charge of the investigation "checked with the computer lab but the results of the analysis on [Appellant]'s laptop were still pending." Trial Court Opinion, 1/17/18, at 3.

> Following [Appellant]'s sentencing for Indecent Assault [of another minor victim] on a separate case,[2] and prior to his transfer to state prison, he was interviewed by [PSP Corporal Bruce] Wesnak at the Monroe County Correctional Facility on December 16, 2015. In that interview, [Appellant] allegedly admitted to having sexual contact with [the Victim] but denied showing her any pornography or having any child pornography on his computer.

[1] All facts relating to the sexual assault of the Victim are taken from the affidavit of probable cause in the current matter, docket number CP-45-CR-0001302-2017, unless otherwise noted. Nothing from the record for docket number CP-45-CR-0000294-2016, including the notes of testimony from Appellant's guilty plea hearing, is included in the certified record for the current matter, docket number CP-45-CR-0001302-2017.

[2] Docket Number CP-45-CR-0002499-2013.

*Id.*

On April 6, 2016, at docket number CP-45-CR-0000294-2016 ("No. 294-16"), Appellant pleaded guilty to involuntary deviate sexual intercourse with a person less than sixteen years of age based upon his assault of the Victim. Pursuant to a plea agreement, the Commonwealth *nolle prossed* eight additional charges, none of which were child pornography or criminal use of a communication facility. On October 31, 2016, the trial court sentenced Appellant to ten to twenty years of confinement. Appellant did not file a direct appeal.

Shortly thereafter, the PSP finished its search of Appellant's computer and discovered 128 images of child pornography. Two of those images were videos of a male adult having intercourse with a female child, who was approximately eight or nine years old.

On March 16, 2017, the PSP filed a criminal complaint against Appellant at docket number CP-45-CR-0001302-2017 ("No. 1302-17") charging 128 counts of child pornography and one count of criminal use of a communication facility.

Appellant filed an omnibus pretrial motion at No. 1302-17, which included a motion to dismiss.[3]  Appellant's motion to dismiss alleged the

_____

[3] Appellant's omnibus pretrial motion also included a motion to enforce his plea agreement at No. 294-16, which was likewise denied by the trial court on January 17, 2018.  Appellant's motion to enforce his plea agreement pleaded that "Due Process under both the Federal and Pennsylvania Constitutions"

charges at No. 1302-17 were barred on double jeopardy grounds and pursuant to the compulsory joinder rule, 18 Pa.C.S.A. § 110.

At the hearing on Appellant's motion, Corporal Wesnak averred, "[the Victim] indicated that [Appellant] showed her **a video** of an older male having sex with a young girl." N.T. Hearing, 8/21/2017, at 20 (emphasis added). Later in his testimony, after Corporal Wesnak reviewed the Victim's written statement, the following exchange occurred:

Q. Okay. And do you see where it says a few lines down that she says that [Appellant] showed her **videos**?

A. Yes.

Q. Okay. And she is referring to child pornography; is that correct?

A. It says, "showed me **videos** of fathers [and] daughters doing it."

N.T., 8/21/2017, at 25 (emphasis added).

The trial court subsequently entered an order denying the motion to dismiss. Order, 1/17/2018. One day later, Appellant filed a motion requesting that the trial court "enter an order finding that his Double Jeopardy issue is non-frivolous and immediately appealable as a collateral order" pursuant to

---

required him "to receive the benefit of his plea agreement." Omnibus Motion, 7/17/2017, at ¶ 36. Appellant's motion to enforce his plea agreement made no reference to double jeopardy. *See id.* at ¶¶ 35-40.

In his brief to this Court, Appellant makes no mention of his motion to enforce his plea agreement and does not raise any due process claims. Consequently, we conclude that Appellant has chosen not to pursue any appeal related to this motion to enforce the plea agreement.

Pa.R.Crim.P. 587. Pa.R.Crim.P. 587(B)(4) states: "In a case in which the judge denies the motion [to dismiss on double jeopardy grounds], the findings of fact shall include a specific finding as to frivolousness." The trial court's order had not included any findings as to frivolousness.

The trial court entered an order finding his motion to dismiss non-frivolous and immediately appealable. Appellant then filed this timely interlocutory appeal.

Appellant presents the following issue for our review:

Whether the [t]rial [c]ourt erred when it failed to bar prosecution under the Compulsory Joinder Statute (18 Pa.C.S.A. § 110) and the Double Jeopardy Clauses in a subsequent prosecution for Child Pornography, despite the fact that the former prosecution for sexual assaults:

a. resulted in a guilty plea and jail sentence;

b. alleged the instant child pornography was possessed and shown in the sexual assaults;

c. where a warrant for the child pornography, based upon probable cause, was sought and obtained at the beginning of the former prosecution; and

d. where these charges were filed, after sentencing on the first case, when the Commonwealth neglected to execute that warrant for over two (2) years after the warrant was issued?

Appellant's Brief, at 4.

As an initial matter, we address our jurisdiction over this appeal. *See* ***Commonwealth v. Tchirkow***, 160 A.3d 798, 803 (Pa. Super. 2017) (holding this Court has the ability to review questions of jurisdiction *sua sponte*). "The denial of a pretrial motion to dismiss an indictment on double jeopardy

grounds is subject to appellate review unless it appears that the claim is frivolous." ***Commonwealth v. Miller***, 198 A.3d 1187, 1190 n.1 (Pa. Super. 2018) (citation omitted). Here, the trial court determined Appellant's double jeopardy claim non-frivolous. We therefore possess appellate jurisdiction over this appeal.

We turn to the merits of Appellant's challenge. While Appellant explicitly presents only a single issue, he cites to two related, but technically independent, bases of relief. First, he contends the current prosecution violates the prohibition against double jeopardy.

> The prohibition against double jeopardy was designed to protect individuals from being tried or punished more than once for the same allegation or offense. The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Likewise, Article I, § 10 of the Pennsylvania Constitution provides that "No person shall, for the same offense, be twice put in jeopardy of life or limb." . . .

***Id***., at 1191 (citations omitted). "The double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense." ***Commonwealth v. Barber***, 940 A.2d 369, 377 (Pa. Super. 2007) (citation omitted).

Appellant blends his double jeopardy argument with an argument that the current prosecution is barred by the compulsory joinder rule, 18 Pa.C.S.A. § 110. However, "[t]hough similar, the Double Jeopardy Clause and the compulsory joinder rule are not coterminous." ***Commonwealth v. Perfetto***,

169 A.3d 1114, 1118 n.4 (Pa. Super. 2017) (*en banc*) (citations omitted), *appeal granted on other grounds*, 182 A.3d 435 (Pa. 2018). "While in many respects section 110 and the double jeopardy clause serve the same ends, nevertheless, the two provisions are not one and the same." ***Commonwealth v. Johnson***, 466 A.2d 636, 639 (Pa. Super. 1983).

Double jeopardy protections, constitutional in nature, require that any waiver be knowing and intelligent. ***See id***., at 640. In contrast, to waive the protections provided by section 110, the decision to waive must only be voluntary. ***See id***.

Additionally, the provisions differ in their scope. Double jeopardy protections arise when the same sovereign seeks to re-prosecute the same person for the same act. ***See id***. Section 110 provides, in certain circumstances, against a subsequent prosecution based upon "the same conduct or arising from the same criminal episode" for which the defendant has already been tried. ***Id***.

Here, Appellant offers no argument pursuant to the double jeopardy clause distinct from his argument under § 110. ***See*** Appellant's Brief at 18-39. Further, there is no argument Appellant waived either his double jeopardy or section 110 rights. Thus, if Appellant's arguments under § 110 fail, his double jeopardy claims must also fail. We therefore proceed to determine whether Appellant is entitled to protection under section 110.

"Our review is plenary when the issue is whether the compulsory joinder rule, 18 Pa.C.S.A. § 110, bars cases." ***Commonwealth v. M.D.P.***, 831 A.2d 714, 717 (Pa. Super. 2003) (citation omitted).

According to the compulsory joinder rule:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S.A. § 110(1).

With regard to Section 110 of the Pennsylvania Crimes Code, the policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation.

***Miller***, 198 A.3d at 1191 (citation omitted).

Appellant first contends the current charges should be barred under section 110(1)(i), because he "could have been convicted of the offense in the

first prosecution." Appellant's Brief at 29. Appellant was charged with 128 counts of child pornography pursuant to 18 Pa.C.S.A. § 6312(d)(1):

> Any person who intentionally views **or** knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

*Id.* (emphasis added).[4]

According to the evidence available at the time of the first prosecution, the Victim viewed at least two videos of an adult male having intercourse with a female child. *See* N.T., Hearing, 8/21/2017, at 25 ("showed me videos of fathers and daughters doing it"). Thus, based on the Victim's testimony, the Commonwealth could have established the two counts of child pornography related to the two videos depicting a male adult having intercourse with a female child.

The Commonwealth contends, under the best evidence rule, it could not have prosecuted Appellant for child pornography until it obtained the videos. The best evidence rule requires a proponent to present an original recording in order to prove the nature of its contents. *See* Pa.R.E. 1002. However, this requirement is inapplicable where the opposing party has control of the original and fails to present it when given a fair opportunity to rebut other

---

[4] Although parts of 18 Pa.C.S.A. § 6312 have been revised by the legislature since the time that Appellant showed the victim the pornographic material, between November 2011 and August 2013, *see* Affidavit of Probable Cause, 3/17/2017, at 1 ¶ 2, the language of subsection (d)(1) has remained unaltered.

evidence of its contents at trial. *See* Pa.R.E. 1004. Thus, if Appellant had not produced the videos that were allegedly in his possession, the Commonwealth would have been excused from compliance with the best evidence rule.

Additionally, the Commonwealth had already seized Appellant's computer. Due to an apparent backlog at the forensic testing laboratory, the Commonwealth did not receive a report on the contents of the computer until after Appellant pled guilty in the first prosecution. This chronology, according the Commonwealth, absolved it of any duty to comply with the compulsory joinder rule.

However, the Commonwealth was not precluded from seeking a continuance of the guilty plea in order to comply with its duties under the compulsory joinder rule. *See Commonwealth v. Lohr*, 418 A.2d 688, 690-691 (Pa. Super. 1980). If the Commonwealth had made a showing of due diligence in obtaining the videos themselves, the delay imposed by the continuance would have been excludable time under Rule 600. *See id*.; *see also* Pa.R.Crim.P. 600(C)(1).

The Commonwealth has charged Appellant of violating 18 Pa.C.S.A. § 6312 (d)(1) based on his "knowing[] possession or control[]" of these two videos. Criminal Complaint, 3/20/17 at 1. To obtain a conviction under section 6312(d)(1), the Commonwealth need not establish the defendant possessed the child pornography. *See Commonwealth v. Diodoro*, 970 A.2d 1100, 1107 (Pa. 2009). Rather, the Commonwealth need only establish that the defendant knowingly controlled child pornography. *See id*., at 1106-1107. As

a result, a defendant can be convicted of violating § 6312(d) if he "access[ed] and view[ed] child pornography over the internet" even if he never possesses the child pornography. *See id*., at 1108.

Under *Diodoro*, the Commonwealth could have convicted Appellant on these two charges based purely on the Victim's statements that he showed these videos to her. As a result, pursuant to section 110(1)(i), we reverse the trial court's order denying the motion to dismiss as to the two counts of child pornography relating to these two videos **only**.

In contrast, the Commonwealth did not have evidence of any other pornographic images in Appellant's possession or control when it prosecuted him for sexual assault. Therefore, Appellant has not established the Commonwealth was capable of convicting him on the remaining 126 charges of possessing or controlling child pornography. The Commonwealth was not required to join these charges with his first prosecution under section 110(1)(i).

Appellant next argues the current matter should be barred in its entirety, because "it meets the same criminal episode test, along with its other elements" pursuant to 18 Pa.C.S.A. § 110(1)(ii). Appellant's Brief at 30. The requirements of section 110(1)(ii) have been summarized as follows:

> Under Section 110, the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met:
>
> (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the

former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

*Commonwealth v. Shull*, 811 A.2d 1, 4 (Pa. Super. 2002) (citation omitted).

Here, the Commonwealth does not dispute the first and fourth prongs of the above test have been met. *See* Commonwealth's Brief at 7-8; *see also* Trial Court Opinion, filed Jan. 17, 2018, at 8 (trial court agrees that first and fourth prongs are satisfied).

Appellant maintains "[t]he second prong is met because this was a single criminal episode considering all the facts and circumstances." Appellant's Brief at 36 (emphasis omitted). We disagree.

To determine whether various acts constitute a single criminal episode warranting compulsory joinder, a court must consider two factors: 1) the logical relationship between the acts; and 2) the temporal relationship between the acts.[3] In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses.

> [3] The single criminal episode analysis essentially considers the totality of the circumstances. Here, . . . since we determine that the logical relationship is insufficient to constitute a single criminal episode, the purpose of the rule is satisfied and we do not address the temporal relationship.

*M.D.P.*, 831 A.2d at 718–19 (internal citations omitted).

Based on our review of the certified record, we conclude the trial court did not err in denying Appellant's pretrial motion to dismiss the remaining 126 counts. Appellant's guilty plea at No. 294-16 stems from the sexual assault of the Victim. *See* Trial Court Opinion, filed 1/17/18, at 3. In the current

action, however, the Commonwealth seeks to prosecute Appellant for the images of child pornography discovered on his computer. *See* Affidavit of Probable Cause, 3/17/2017, at 2 ¶¶ 6-7; Trial Court Opinion, filed 1/17/18, at 4. The trial court opinion comprehensively discusses and disposes of the question of whether there was a logical relationship between the acts, as follows:

> [No. 294-16 and No. 1302-17] involve proof of different elements for each offense, different victims, and different witnesses and experts. The only similarities between the two offenses is that [the Victim's] interview with police led to the allegation that [Appellant] may have possessed the child pornography and that [Corporal] Wesnak investigated both crimes. Once police were alerted that [Appellant] may have . . . child pornography, [PSP] opened a separate investigation into the allegations which included obtaining [a] search warrant for [Appellant]'s laptop and having it analyzed by another party unrelated to the investigation into the sexual assault of [the Victim]. Furthermore, the crimes involved separate victims. While [the Victim] was the sole victim of the sexual assaults in the first case, the child pornography charges in the instant case involved different underage girls . . . There was no indication that [the Victim] was depicted in any of the videos or images of child pornography found on [Appellant]'s laptop. For these reasons, we find that there is no logical relationship between the instant prosecution and the first case.

Trial Court Opinion, filed 1/17/18, at 8-9. We agree with the trial court that the remaining 126 charges are not based upon the same criminal episode as that upon which Appellant was convicted at No. 294-16.

Since the trial court correctly concluded that the logical relationship is insufficient to constitute a single criminal episode, "the purpose of the rule is satisfied and we do not address the temporal relationship." *M.D.P.*, 831 A.2d at 719 n.4. Additionally, as Appellant has failed to fulfill one prong of the four-

part test to satisfy section 110(1)(ii), **see Shull**, 811 A.2d at 4, his entire challenge pursuant to that subsection fails, and we need not address the remaining third prong.[5] Accordingly, based on the record before us, we conclude the trial court appropriately denied Appellant's motion to dismiss as to all remaining counts.[6]

In conclusion, we reverse in part and affirm in part. We reverse on the two counts of child pornography based upon the two of videos of a male adult having intercourse with a female child, as described in Paragraphs 7(1) and 7(3) of the affidavit of probable cause. We affirm as to the remaining 126 counts of child pornography and the one count of criminal use of a communication facility.

Order affirmed in part and reversed in part.

Judge Olson and Judge McLaughlin concur in the result.

_____

[5] Even if we were to consider this third prong – *i.e.*, "the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges," **Shull**, 811 A.2d at 4 – we conclude that this prong has also not been established, as police and therefore the prosecution were not aware that any child pornography existed on Appellant's computer at the time he pleaded guilty at No. 294-16, Trial Court Opinion, filed Jan. 17, 2018, at 3, 9.

[6] We note our decision is based upon the representations of the parties as to what evidence the Commonwealth intends to present if the instant action goes to trial.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19